IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                                  ELKINS

**MATTHEW M. LEE**,

    Plaintiff,

v.                                                           Civil Action No. 2:18-CV-32
                                                                  (BAILEY)

**NANCY A. BERRYHILL,**
Acting Commissioner of
Social Security,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Mazzone [Doc. 17] and the *pro se* plaintiff's Objections thereto [Doc. 19]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See **Webb v. Califano**, 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ADOPTED**.

1

## I. Background

On February 8, 2014, the *pro se* plaintiff, Matthew Morrison Lee, filed a Title II application for a period of disability and disability insurance benefits ("DIB"), alleging a disability beginning July 30, 2003 [Doc. 10-2 at 13]. The plaintiff's claim was initially denied on May 6, 2014, and again upon reconsideration on August 20, 2014 [Id.]. Thereafter, the plaintiff filed a request for a hearing on October 17, 2014 [Id.]. The plaintiff appeared *pro se* and testified at a video hearing in Morgantown, West Virginia on August 10, 2016 [Id.]. A vocational expert ("VE") also testified [Id.]. Plaintiff's parents also appeared but did not testify as witnesses. On December 29, 2016, the ALJ issued an unfavorable decision [Id. at 29]. The Appeals Council denied plaintiff's request for review of the ALJ's findings on January 23, 2018 [Id. at 2].

On March 26, 2018, plaintiff filed a Complaint in this Court to obtain judicial review of the decision of the Commissioner of Social Security denying his application [Doc. 1]. The parties filed cross motions for summary judgment [Docs. 13 & 14].

On January 28, 2019, Magistrate Judge Mazzone entered his R&R in which he concludes that the ALJ's decision denying the plaintiff's application for DIB is supported by substantial evidence and complied with the applicable law [Doc. 17]. As such, the magistrate judge recommends that the plaintiff's Motion for Summary Judgment [Doc. 13] be denied and the defendant's Motion for Summary Judgment [Doc. 14] be granted. The magistrate judge further recommends that the decision of the Commissioner be affirmed and the case be dismissed with prejudice [Doc. 17]. On February 13, 2019, the plaintiff filed timely objections [Doc. 19].

## II. Applicable Legal Standards

### A. Judicial Review of an ALJ Decision

Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. See 42 U.S.C. § 405(g). "The findings . . . as to any fact, if supported by substantial evidence, shall be conclusive." **Richardson v. Perales**, 402 U.S. 389, 390 (1971); **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987). The phrase "'supported by substantial evidence'" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" See **Perales**, 402 U.S. at 401 (citing **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence[,] but may be somewhat less than a preponderance . . . ." **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966). Thus, "[i]t is not within the province of a reviewing court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment . . . if [the] decision is supported by substantial evidence." **Id.** (citing **Snyder v. Ribicoff**, 307 F.2d 518, 520 (4th Cir. 1962)). Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case *de novo* when reviewing disability determinations." **Id.**; *see also* **Seacrist v. Weinberger**, 538 F.2d 1054, 1056-57 (4th Cir. 1976); and **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990).

### B. Five-Step Evaluation Process

To determine whether a claimant is disabled, the ALJ considers the following five-

step evaluation process:

> Step One: Determine whether the claimant is engaging in substantial gainful activity;
>
> Step Two: Determine whether the claimant has a severe impairment;
>
> Step Three: Determine whether the claimant has a listed impairment (20 C.F.R. Part 404, Subpart P, Appendix 1) and conduct a Residual Functional Capacity ("RFC") assessment;
>
> Step Four: Consider the RFC assessment to determine whether the claimant can perform past relevant work; and
>
> Step Five: Consider the RFC assessment, age, education, and work experience to determine whether the claimant can perform any other work.

See 20 C.F.R. § 404.1520(a)(4) (2011).

Once the claimant satisfies Steps One and Two, he will automatically be found disabled if he suffers from a listed impairment and meets the duration requirement. **Rhoderick v. Heckler**, 737 F.2d 714, 715 (7th Cir. 1984); 20 C.F.R. § 404.1509. If the claimant is not engaging in substantial gainful activity, then the second step requires the ALJ to determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. § 404.1520(c). If the claimant has a severe impairment or combination of impairments, then the analysis moves to the third step. If the impairments meet or equal a listed impairment, the claimant is disabled. If the claimant does not equal a listed impairment, the ALJ must determine the claimant's RFC. If the claimant does not have listed impairments but cannot perform his/her past work, the burden shifts to the Commissioner to show that the claimant can perform some other job. **Rhoderick**, 737 F.2d at 715.

4

## III. Discussion

At step one of the sequential process, the ALJ found that while there was evidence that the plaintiff engaged in substantial gainful activity during the period from his alleged onset date of July 30, 2003, through his date last insured of September 30, 2015, the ALJ nevertheless gave the plaintiff the benefit of the doubt and proceeded through the sequential evaluation necessary to determine plaintiff's disability status for the entire period in question [Doc. 10-2 at 15]. At step two, the ALJ found that the plaintiff had the following severe impairments: degenerative disc disease/degenerative arthritis of the lumbar spine with spondylosis and radiculopathy; remote (2003) history of large left flank laceration, fractures, and other injuries; status-post open reduction internal fixation, hardware placement and bowel resection; obesity; history of narcotic pain medication use with addiction, on Methadone; post traumatic stress disorder. The ALJ also noted the following non-severe impairments: seizure disorder, possible neuropathic pain in the abdomen, sacroilitis, diarrhea, hypertension, abdominal hernia, and prediabetes. [Id. at 16]. At the third step, the ALJ found that none of the plaintiff's impairments or any combination of his impairments met or medically equaled the severity of one of the impairments contained in the listings [Id.]. The ALJ then determined that the plaintiff had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations: requires a sit/stand option, allowing the individual to change positions every 15 minutes, without going off task; can perform postural movements occasionally, except for no climbing of ladders, ropes, or scaffolds; should work in a low stress environment with no production line assembly line type of pace; no independent decision-making responsibilities

and minimal changes in the daily work routine; should have no interaction with the general public and no more than occasional interaction with co-workers and supervisors; and is limited to unskilled work, involving only routine and repetitive instructions and tasks.

[Doc. 10-2 at 18]. At step four, the ALJ determined that the plaintiff was unable to perform any past relevant work [Id. at 27]. At step five, the ALJ determined that jobs exist in significant numbers in the national economy that the claimant can perform. Accordingly, the ALJ found that the plaintiff was not disabled [Id. at 28].

## **Plaintiff's Objections**

The plaintiff has lodged the following objections to the magistrate judge's R&R: (1) the ALJ failed to consider plaintiff's work attempt as unsuccessful; (2) the ALJ did not consider a change in onset date as requested; (3) gaps in plaintiff's medical record; (4) determination of listing impairment; (5) failure to consider x-rays as objective medical evidence to substantiate claims his impairments produced pain; (6) RFC determination; (7) claimed violations of SSR 00-4p; and (8) that the ALJ incorrectly determined the claimant can perform certain jobs available in the national economy [Doc. 19].

In his first objection, plaintiff states that while he agrees that at step four the ALJ found plaintiff was not able to perform his past relevant work and proceeded to step five, the ALJ's finding of this "work attempt" distracts from a decision of disability [Id. at 2]. Plaintiff asserts that this work attempt was unsuccessful. [Id.]. In the R&R, the magistrate judge correctly noted, however, that this was not an adverse decision as the ALJ gave the benefit of the doubt to the plaintiff and proceeded with the sequential evaluation necessary to determine the claimant's disability status for the entire period in question. Accordingly,

as far as the ultimate decision was concerned, the ALJ considered the plaintiff as either unemployed or as having unsuccessful work attempts for the entire claimed disability period. Further, the ALJ found plaintiff was not able to perform his past relevant work and proceeded to step five. The plaintiff fails to show how this "distracts from a decision of disability." This Objection is **OVERRULED**.

Next, plaintiff argues that if his requested onset date as suggested by him in his pre-hearing memo were to have been adopted, all of the work-related arguments along with the gaps in medical records would become irrelevant. [Id.]. Here, plaintiff again argues that the ALJ should have amended the onset date to a date after he terminated employment in light of the plaintiff's assertion that the ALJ found the plaintiff is disabled. However, as correctly noted by the magistrate judge, the ALJ did not make a finding of disabled; rather, the ALJ found that the plaintiff was not under a disability at any time during the relevant time period. Because "[t]here is no need to determine an onset date" if there has not been a determination of disability, this Objection is **OVERRULED**. See ***Sidea v. Astrue***, 2011 WL 5037221, at *4 (W.D. N.C. July 12, 2011).

Next, plaintiff objects to the ALJ's finding that "the record shows the he ultimately healed from his injuries and responded well to treatment that included surgery." [Id.](quoting R. 24). Plaintiff points to the Record at 264 in support of his assertion that his symphysis pubis along with his sacroliliac joint were plated in a mal-alignment becoming permanent gross anatomical deformities, which bones will never have a solid union. The ALJ's determination, however, is supported by substantial medical records and work history evidence in the record. For instance, such records revealed a normal physical

7

examination, steady gait, negative Romberg test, good mental understanding, and examinations within normal limits. This Objection is **OVERRULED**.

Plaintiff next objects that the ALJ failed to use the appropriate standard for evaluating pain. [Id. at 3]. Judicial review of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g). This was done in this case. The plaintiff simply disagrees with the findings. "The findings . . . as to any fact, if supported by substantial evidence, shall be conclusive." **Richardson v. Perales**, 402 U.S. 389, 390 (1971); **Coffman v. Bowen**, 829 F.2d 514, 517 (4th Cir. 1987). The phrase "'supported by substantial evidence'" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *See* **Perales**, 402 U.S. at 401 (citing **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence[,] but may be somewhat less than a preponderance . . . ." **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir. 1966). Thus, "[i]t is not within the province of a reviewing court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment . . . if [the] decision is supported by substantial evidence." *Id.* (citing **Snyder v. Ribicoff**, 307 F.2d 518, 520 (4th Cir. 1962)). Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. **King v. Califano**, 599 F.2d 597, 599 (4th Cir. 1979). This is essentially what the plaintiff seeks in his objections. "This Court does not find facts or try the case *de novo* when reviewing disability determinations." *Id.*; *see also* **Seacrist v. Weinberger**, 538 F.2d 1054, 1056-57 (4th Cir.

1976); and **Hays v. Sullivan**, 907 F.2d 1453, 1456 (4th Cir. 1990). The correct law was applied. The plaintiff's objection is **OVERRULED**.

Next, plaintiff makes a vague argument that scanned pictures of previously submitted X-Rays were all black (R. 216, 217, 237, 238, 260, and 261). [Id. at 4]. Thus, the ALJ allegedly did not view the same. Plaintiff asserts that the failure to admit this objective medical evidence diminishes the objective evidence in the record. The magistrate judge correctly dismissed this argument as patently false. The hearing transcript actually confirms that the ALJ could indeed make out the images depicted in the photo of the x-rays, and the Appeals Council accepted and made part of the Record the x-rays in question at pages 246-61 of the Record. This Objection is **OVERRULED**.

Plaintiff next asserts that the ALJ applied the wrong legal standard at Step 2 when he required objective evidence of intensity of the pain and plaintiff's need to lie down to achieve relief. [Id.]. Plaintiff points to seven (7) different pain producing impairments that he asserts are documented by objective evidence. Plaintiff argues that at Step 2 of the credibility analysis, he is entitled to rely exclusively on subjective evidence. Plaintiff submits that he satisfied this standard by making the self-serving statement that "the pain from his impairments required him to lie down to achieve some relief of the pain." [Id.](citing R. 48). Plaintiff asserts that in determining that the plaintiff had the RFC to perform a sedentary job, the ALJ discredited plaintiff's testimony.

"It is not within the province of a reviewing court to determine the weight of the evidence; nor is it [the court's] function to substitute [its] judgment . . . if [the] decision is supported by substantial evidence." **Laws v. Celebrezze**, 368 F.2d 640, 642 (4th Cir.

1966)(citing *Snyder v. Ribicoff*, 307 F.2d 518, 520 (4th Cir. 1962)). Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case *de novo* when reviewing disability determinations." *Id.*; *see also* *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976); and *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court will not disrupt the ALJ's credibility determination as there was substantial evidence to support the finding. This Objection is **OVERRULED**.

Plaintiff's next objects to the R&R's finding that although the ALJ erred by failing to ask the VE whether any conflict existed between his testimony and the Dictionary of Occupational Titles ("DOT"), "this error is harmless in the context because the DOT is silent as to a sit/stand option." [Doc. 17]. Plaintiff argues that there remains an apparent conflict in the sedentary aspect of the ampoule sealer position and actual number of jobs in the region, which could have been resolved had the ALJ asked questions to resolve conflicts pursuant to SSR 00-4p. Thus, plaintiff asserts the ALJ failed to fully develop the record and therefore should not have relied on the VE's testimony. [Id.]. As noted by the magistrate judge, the error is harmless because the DOT is silent as to a sit/stand option; accordingly, there was no apparent conflict between the VE's testimony and the DOT. This Objection is **OVERRULED**.

Finally, plaintiff objects to the ALJ's finding that based on his age, education, work experience, and RFC, there are jobs that exist in significant numbers that plaintiff could have performed. Plaintiff's argument essentially relies on his own assessment of what jobs

he believes he is capable of performing. This argument, much like plaintiff's previous arguments, simply rehashes that which was thoroughly discussed in the R&R. This Court does not find it necessary to restate the deficiencies in this argument that the magistrate judge has already thoroughly addressed. As this Court has nothing to add to the R&R on this point, this Court simply adopts the magistrate judge's findings. This Objection is **OVERRULED**.

### IV. Conclusion

Upon careful consideration, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 17]** should be, and hereby is, **ADOPTED**. Further, the plaintiff's Objections **[Doc. 19]** are **OVERRULED**. Therefore, this Court **ORDERS** that the defendant's Motion for Summary Judgment **[Doc. 14]** is hereby **GRANTED** and the plaintiff's Motion for Summary Judgment **[Doc. 13]** is hereby **DENIED**. Accordingly, this Court hereby **DENIES** and **DISMISSES WITH PREJUDICE** the plaintiff's Complaint **[Doc. 1]** and **ORDERS** that this matter be **STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: February 22, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE